# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| CLINTON W. MILLS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   2:18-cv-00094 |
| JP RECOVERY SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CLINTON W. MILLS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of JP RECOVERY SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.  Plaintiff is a 53 year-old natural "person," as defined by 47 U.S.C. §153(39), residing in Amarillo, Texas, which lies within the Northern District of Texas.

5.  Defendant is a "full service accounts receivable management company that provides collection support to credit grantors."[1] Defendant is a corporation organized under the laws of the state of Ohio with its principal place of business located at 20220 Center Ridge Road, Suite 200, Rocky River, Ohio.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  The instant action arises out of the nature of Defendant's attempts to collect on a debt ("subject debt") said to be owed by Plaintiff.

9.  Upon information and belief, the subject debt stems from past due payments on a payday loan said to be owed by Plaintiff.

10. In approximately April of 2018, Plaintiff began receiving calls from Defendant to both his cellular phone ((806) XXX-9192) and work phone ((806) XXX-6890) seeking to collect upon the subject debt.

---

[1] https://jprecovery.com/about-jprs/

11. Defendant mainly calls Plaintiff's cellular and work phones using the number (855) 807-1017; but upon belief, Defendant has used other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 1017 is regularly utilized by Defendant during its debt collection activities.

13. When Plaintiff first began receiving phone calls to his work phone, he informed Defendant that he was not allowed to take personal calls at work, that Defendant should stop calling his work phone number, and that Defendant should instead contact his cellular phone outside of his work hours.

14. Notwithstanding this information, Defendant continued to place phone calls to Plaintiff's work phone while Plaintiff was at work.

15. Defendant would similarly contact Plaintiff's cellular phone during work hours, notwithstanding the information that Plaintiff wanted to be called on his cellular phone outside of his work hours.

16. Defendant placed dozens of phone calls to Plaintiff's cellular and work phones after Plaintiff informed Defendant that he was not permitted to take personal calls at work and after he demanded that Defendant call his cellular phone outside of his work hours.

17. Frustrated with Defendant's Conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies incessant collection telephone calls, emotional distress, distraction at work associated with his phone repeatedly ringing throughout his workday, adverse work performance given the repeated contacts made to his work phone

notwithstanding Defendant's knowledge that he was not permitted to receive personal calls at that number,  increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of his cellular telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and is a member of ACA International, an association of credit and collection professionals, since 2000.[2]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692c(a)(1) and §1692c(a)(3)

25. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from contacting a consumer at "any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." §1692c(a)(3) further prohibits contacts "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

---

[2] https://www.acainternational.org/search#memberdirectory

26. Defendant violated §§1692c(a)(1) and c(a)(3) through its repeated placing of telephone calls to Plaintiff's work phone. After Plaintiff told Defendant that he was not permitted to take phone calls at work to stop calling his work phone number, Defendant knew that contacting Plaintiff on his work phone during his work hours was a time and place that was inconvenient to Plaintiff.  Furthermore, Plaintiff repeatedly informed Defendant that his place of employment prohibited Plaintiff from receiving personal phone calls at work. Nevertheless, Defendant continued to place collection calls to Plaintiff's work telephone in violation of the FDCPA.

27. Defendant further violated §1692c(a)(1) when in repeatedly called Plaintiff's cellular phone while Plaintiff was at work. Plaintiff clearly informed Defendant that he did not want to receive phone calls while he was at work, and instead that phone calls should be made to his cellular phone *outside of his work hours.* Armed with the information that Plaintiff did not want to receive collection calls to his cellular phone while he was at work, Defendant nevertheless continued its campaign of placing incessant telephone calls to Plaintiff's cellular phone at times known or which should have been known to be inconvenient to Plaintiff.

**b.  Violations of FDCPA §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."   §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated § 1692d and d(5) when it repeatedly called Plaintiff's work phone after being told to stop and that Plaintiff could not take personal calls while at work. Armed with the knowledge that Plaintiff was unable to take its calls, Defendant nevertheless continued a relentless

campaign of contacting Plaintiff while he was at work. Such conduct had the natural consequence

of harassing, oppressing, and abusing Plaintiff, as Plaintiff repeatedly told Defendant that its calls

were harassing yet the calls continued.

30. Defendant further violated §1692d and §1692d(5) when it continuously called Plaintiff's

cellular phone while Plaintiff was at work. Defendant knew that Plaintiff could not accept calls

while he was at work. Nevertheless, Defendant continued calling his cellular phone while he was

at work. Such conduct was done intending to harass Plaintiff into making a payment on the subject

debt.

### c.   Violations of the FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer."   15 U.S.C.
> §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or

attempt to collect the subject debt when calling Plaintiff. Despite the fact that Plaintiff informed

Defendant that it could not contact him on his work phone, Defendant continued placing such

phone calls. In so doing, Defendant misrepresented Plaintiff's rights to have the phone calls to his

place of employment cease. An unsophisticated consumer in Plaintiff's position would believe,

based on Defendant's conduct, that he was without any options to address Defendant's harassing

phone calls at his place of employment.

34. Defendant further violated § 1692e and e(10) when it called Plaintiff's cellular phone

during Plaintiff's work hours. In so doing, Defendant misrepresented its lawful ability to place

such phone calls even after Plaintiff demanded that phone calls to his cellular phone be made outside of his work hours.

### d. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff at his work phone and cellular phone while he was at work. This conduct was done in an unfair and unconscionable attempt to wear Plaintiff down to the point that, rather than continuing to receive the harassing phone calls, he would be compelled to address the subject debt.

37.  As pled in paragraphs 16 through 19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CLINTON W. MILLS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38.  Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

41. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.   Violations of TDCA § 392.302

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it continued to call Plaintiff's work and cellular phone during Plaintiff's work hours. Such conduct harassed and abused Plaintiff as his work phone and cellular phone would repeatedly ring while he was work. Defendant's intent to harass Plaintiff in this regard is illustrated by the fact that Defendant was aware of the limitations Plaintiff's placed on the phone calls he received, yet the calls continued in blatant disregard for Plaintiff's limitations.

### b.   Violations of TDCA § 392.304

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

45. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's work and cellular phones. Defendant repeatedly placed such phone calls representing that it had the lawful ability to place such calls to Plaintiff while he was at work. However, Defendant was precluded from placing these phone calls pursuant to the FDCPA, thus demonstrating the falsity of its representations.

WHEREFORE, Plaintiff, CLINTON W. MILLS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 14, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Texas     Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                               Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                  (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734

Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com